NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JAMES CUMBA *et al.*, : | **Hon. Dennis M. Cavanaugh** |
| Plaintiffs, : | **OPINION** |
| v. : | Civil Action No. 08-CV-2328 (DMC) |
| MERCK & CO., INC. *et al.*, : | |
| Defendants. : | |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon cross-motions by the parties relating to the joinder of the personal injury plaintiffs: Plaintiffs' motion for leave to amend the Complaint by adding 28 personal injury plaintiffs, and Defendants' motion to sever the existing 49 Plaintiffs. After considering the submissions and oral arguments of the parties, and based upon the following, it is the finding of this Court that Plaintiffs' motion for leave to amend the Complaint is **denied**, and Defendants' motion to sever is **granted**.

I.  **B**ACKROUND[1]

Plaintiffs filed this action on behalf of approximately 49 personal injury plaintiffs in the District of Puerto Rico on February 14, 2008. The case was then transferred to this Court as part of MDL 1938 on May 2, 2008. Plaintiffs filed the instant motion seeking leave to file an

---

[1] The facts set-forth in this Opinion are taken from the parties' statements in their respective moving papers.

amended complaint adding approximately 28 additional personal injury plaintiffs on August 8, 2008.  Defendants responded on August 26, 2008 with a motion seeking to sever the personal injury plaintiffs already named in the Complaint.  The Court heard oral argument on May 6, 2009.

**II.     DISCUSSION**

Currently before the Court are cross-motions by the parties relating to the propriety of joining the personal injury plaintiffs under one Complaint.  Fed. R. Civ. P. 20(a) permits joinder of parties where: (1) the plaintiffs have a right to relief arising out of the same transaction, occurrence, or series of transactions or occurrences; and (2) there exists some question of law or fact common to the plaintiffs.  The majority of courts to address joinder in the context of drug liability cases have found that basing joinder merely on the fact that the plaintiffs ingested the same drug and sustained injuries as a result thereof is insufficient to satisfy Rule 20(a)'s "same transaction" requirement.  See, e.g., McNaughton v. Merck & Co., Inc., 2004 WL 5180726, *2 (S.D.N.Y. Dec. 17, 2004); Graziose v. Am. Home Prods. Corp., 202 F.R.D. 638, 640 (D. Nev. 2001).  Instead, these courts have typically found that, in addition to being linked by the same drug and type of injury, plaintiffs must also demonstrate similarities with respect to, *inter alia*, the source of the drug, the length of the exposure to the drug, the type of exposure, the type of resulting injury, and the plaintiffs' physical state at the time of ingestion.  See In re Rezulin Prods. Liab. Litig., 168 F. Supp. 2d 136, 145–46 (S.D.N.Y. 2001); In re Diet Drugs, 1999 WL 554584, *4 (E.D. Pa. July 16, 1999).

Here, Plaintiffs have failed to demonstrate sufficient similarities among the personal

2

injury plaintiffs to satisfy Rule 20(a)'s "same transaction" requirement.  It appears, for example, that the only unifying factors among the personal injury plaintiffs lie in the allegations that each took the drug Vytorin and that each sustained broadly similar injuries as a result thereof.  As Defendants correctly point out, however, the personal injury plaintiffs are nonetheless "different people with different medical histories who separately took a drug prescribed by different physicians under different circumstances, probably for different periods of time and at different points in time." Accordingly, because the Court finds that Plaintiffs do not satisfy Rule 20's joinder requirements, Plaintiffs' motion for leave to amend the Complaint is **denied**, and Defendants' motion to sever the existing Plaintiffs is **granted**.

### III.    CONCLUSION

For the reasons stated, it is the finding of this Court that Plaintiffs' motion for leave to amend the Complaint is **denied**, and Defendants' motion to sever is **granted**.  An appropriate Order accompanies this Opinion.

 S/ Dennis M. Cavanaugh  
Dennis M. Cavanaugh, U.S.D.J.

Date:       May  10 , 2009  
Orig.:      Clerk  
cc:         All Counsel of Record  
        Hon. Mark Falk, U.S.M.J.  
        File